Wael Mohamed Abdel LATIF,
Petitioner,

v.

Eric H. HOLDER, Jr., U.S. Attorney
General, Respondent.

No. 09–60623
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 26, 2010.

James Darrell Lucas, Esq, El Paso, TX,
for Petitioner.

Gregory Michael Kelch, U.S. Depart-
ment of Justice Office of Immigration Liti-
gation, Washington, DC, for Respondent.

Before DAVIS, SMITH, and
SOUTHWICK, Circuit Judges.

PER CURIAM: *

Wael Latif, a native and citizen of
Egypt, petitions for review of a decision of
the Board of Immigration Appeals
("BIA"), which affirmed a decision of the
Immigration Judge ("IJ") denying Latif's
application for withholding of removal and
relief under the Convention Against Tor-
ture ("CAT"). Latif argues that he dem-
onstrated past persecution and a well-
founded fear of future persecution as a
result of his activities in the Muslim Broth-
erhood ("MB"), a government-banned po-
litical group.

Latif was detained once for a 12– to 14–
hour period and was beaten during his
detention. During the three-month period
between his detention and his departure
from Egypt, he was not bothered again.
He has not associated with any MB mem-
bers since his arrival in this country, and
there is at least a small minority of parlia-
mentary members in Egypt who sympa-

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

thize with the MB. Additionally, at the time of the hearing, Latif's mother still lived in Alexandria, his sister in Cairo. The BIA's determination is supported by substantial evidence, and the record does not compel a contrary conclusion. *See Roy v. Ashcroft,* 389 F.3d 132, 138 (5th Cir.2004); *Efe v. Ashcroft,* 293 F.3d 899, 906 (5th Cir.2002); 8 C.F.R. § 208.16(b).

Latif also argues that he demonstrated that it is more likely than not that, on account of his past membership in the MB, he will be tortured upon his return to Egypt. Because he has not shown that he is entitled to withholding of removal, he has not demonstrated that he can meet the higher standard for obtaining relief under the CAT. *See Efe,* 293 F.3d at 907. The petition for review is DENIED.